■ In the Matter of CAR BARN FLATS RESIDENTS ASSOCIATION et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [810 NYS2d 191]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered December 8, 2004, which denied the petition for, inter alia, annulment of amendments to the Rent Stabilization Code governing rent adjustments when landlords discontinue the service of electricity in rent-regulated buildings, and dismissed this proceeding, unanimously affirmed, without costs.

Contrary to petitioners' argument, it has long been held that the conservation of energy is a compelling need to be considered by respondent and its predecessor agency when making determinations regarding rent stabilization and electrical conversions. Accordingly, this factor was properly considered by respondent and did not render its determination ultra vires or arbitrary and capricious.

The amendments to the Code demonstrate that respondent's determination regarding the computation for the adjustment of rent in buildings where electrical conversion to individual meters has taken place (*see* 9 NYCRR 2522.4 [d] [3]) was based on verified, statistical data and reports from an independent architectural and engineering firm. Respondent cannot be said to have acted in an arbitrary or capricious manner, given its reliance on such data and its application citywide to buildings that have undergone such conversion. Departure from past policy does not reflect that its determination was otherwise; rather, it reflects advancements in technology and available information that render unnecessary respondent's prior determination that required a two-step, instead of a one-step, process for such computations.

Respondent's determination regarding the inclusion of costs for rewiring a building in connection with an electrical conversion as a major capital improvement, allowing the cost of the wiring for the individual meters to be shifted to the tenants (*see* 9 NYCRR 2522.4 [a] [3]), was also a proper exercise of its authority (*see Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal*, 76 NY2d 325, 329 [1990]), and was neither arbitrary nor capricious. Concur—Tom, J.P., Friedman, Nardelli, Williams and Sweeny, JJ.